IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAJIV IYENGAR and JAYASHREE IYENGAR, § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. SA-21-CV-1091-FB |
| § | |
| LIBERTY INSURANCE CORPORATION, § § | |
| Defendant. § | |

# ORDER ACCEPTING REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Before the Court are: (1) the Report and Recommendation of United States Magistrate Judge filed on October 24, 2023 (docket #52); (2) Plaintiffs' Objections to Report and Recommendation of United States Magistrate Judge Partially Granting Defendant's Opposed Motion for Partial Summary Judgment filed November 7, 2024 (docket #54); (3) Plaintiffs' Appendix in Support of its Objections to Magistrate's Report and Recommendation Partially Granting Defendant's Opposed Motion for Partial Summary Judgment (docket #55); (4) Defendant's Response to Plaintiffs' Objections to U.S. Magistrate Judge's Report and Recommendation (docket #56); (5) Plaintiffs' Notice of Recently Published Supplemental Authorities Supporting Plaintiffs' Objections to the Report and Recommendation of United States Magistrate Judge Partially Granting Defendant's Opposed Motion for Partial Summary Judgment (docket #57); (6) Plaintiffs' Appendix in Support of its Notice of Recently Published Supplemental Authorities Supporting Plaintiffs' Objections to the Report and Recommendation of United States Magistrate Judge Partially Granting Defendant's Opposed Motion for Partial Summary Judgment (docket #58); and (7) Defendant's Response to Plaintiffs' Notice of Recently Published Supplemental Authorities (docket #59).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends to this Court that Defendant's Opposed Motion for Partial Summary Judgment (docket #48) be GRANTED IN PART as to Plaintiffs' claim for treble damages pursuant to § 541.152 of the Texas Insurance Code and should otherwise be DENIED.

The Court has reviewed all of Plaintiffs' Objections and Appendices as well as Defendant's Responses and has conducted a de novo review of those issues raised by the Plaintiffs.  The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiffs' objections lack merit and are overruled.  Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (docket #52), incorporates herein the arguments and authorities presented in Defendant's Response to Plaintiffs' Objections to U.S. Magistrate Judge's Report and

Recommendation (docket #56) and in Defendant's Response to Plaintiffs' Notice of Recently Published Supplemental Authorities (docket #59), and finds the recommendation should be accepted such that Defendant's Opposed Motion for Partial Summary Judgment (docket #48) is GRANTED IN PART as to Plaintiffs' claim for treble damages pursuant to § 541.152 of the Texas Insurance Code and is otherwise DENIED.

IT IS FURTHER ORDERED that because all scheduling order deadlines have expired, the parties shall file a joint advisory with the Court on or before **Friday, April 5, 2024**, advising whether resolution of differences short of trial by a second mediation and/or any other ADR method is possible, or if the parties are ready for trial. If the matter is ready for trial, the parties shall include in their advisory the estimated length of time required for trial and available trial dates beginning in November of 2024. The option of consenting to trial before a United States Magistrate Judge is also available should the parties choose to do so.

It is so ORDERED.

SIGNED this 15th day of March, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE